# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

SHERMAN L. WILLIAMSON, #313898    *

       Petitioner,    *

     v.    *    CIVIL ACTION NO. JKB-11-436

MICHELE JONES,[1] et al.    *

       Respondents.    *
          ***

## MEMORANDUM

Sherman L. Willamson filed the instant 28 U.S.C. § 2254 habeas corpus application, dated February 14, 2011, attacking his convictions entered in 2003 in the Circuit Court of Maryland for Baltimore County. ECF No. 1. On April 5, 2011, respondents filed an answer to petitioner's application for habeas relief which solely addresses the timeliness of petitioner's application. ECF No. 3. Pursuant to this court's order of April 6, 2011, petitioner was granted twenty-eight days to file a reply to the answer stating that his petition was filed within the proper time frame or explaining why the petition should not be dismissed as untimely. ECF No. 4. No reply has been filed.

The record before the court shows that petitioner entered a guilty plea to one count of attempted-second-degree murder and illegal use of a handgun. ECF No. 3 at Ex. 1. On May 19, 2003, he was sentenced to serve 20 years in prison. Petitioner did not file for leave to appeal the entry of his guilty plea and sentence. His conviction became final on June 18, 2003, when the time for filing for leave to appeal expired. *See* Md. Rule 8-204(b). The state court docket shows that petitioner did not seek review by means of state post-conviction relief or other collateral review.

On April 24, 1996, President Clinton signed the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 into law. Among the changes made by this law was the addition of a one-year statute of limitations in non-capital cases for person convicted in a state court. *See* 28

---

[1]      Michele Jones is the Facility Administrator at the Jessup Pre-Release Unit, where petitioner is currently confined. The docket shall be modified to reflect the name of petitioner's custodian.

U.S.C. § 2244(d).[2]

Petitioner's convictions became final on June 18, 2003. As noted, he filed no post-conviction or collateral review petition to toll the limitation period under 28 U.S.C. § 2244(d)(2), and he filed this action seven and one-half years after the finality of his convictions. He offers no explanation for the delay in filing his § 2254 petition in the way of equitable tolling.

The doctrine of equitable tolling applies to excuse a petitioner's failure to comply with a statute of limitations, such as the one-year limitations period set out in AEDPA. *See Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000). The question of whether equitable tolling applies hinges on the facts and circumstances of each particular case. *Id.*, at 330 (quoting *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999)). Generally, the doctrine of equitable tolling has been applied in two types of situations: either where the respondent's acts prevent the petitioner from asserting the

---

[2] This section provides:

> (1)     A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B)     the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)     the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

claim, or where extraordinary circumstances, beyond the petitioner's control, prevent petitioner from filing a timely claim. *Id.*, (quoting *Alvarez-Machain v. United States*, 107 F.3d 696, 700 (9th Cir. 1996)).[3] Petitioner offers no reason why equitable tolling should apply. Therefore, the petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

Under the amendments to Rule 11(a) of the Rules Governing Proceedings under Section 2254, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that . . . jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Petitioner does not satisfy this standard, and the court declines to issue a certificate of appealability as required under the Rules Governing Section 2254 Petitions in the United States District Courts.

Date:  *May 16, 201*

_____
James K. Bredar
United States District Judge

---

[3]  In *Holland v. Florida*, --- U.S. ----, 130 S.Ct. 2549 (2010), the Supreme Court concluded that equitable tolling applies to the AEDPA's statute of limitations. *Id.* at 2554. Specifically, the Court found that, in order to be entitled to equitable tolling, the movant must show (1) that he has diligently pursued his rights and (2) that some extraordinary circumstance prevented the timely filing. *Id.* at 2562.